UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

DON MASHAK,                                  Civil No. 11-00290 (JRT/JSM)

                Plaintiff,

v.                                                                  **ORDER DISMISSING CASE**

DANNETTE MEEKS-HULL, MICHAEL
HULL, and JOHN DOE,

                Defendants.

---

Don Mashak, PO Box 231, Albertville, MN 55301, *pro se*

Plaintiff Don Mashak has moved for a temporary restraining order which was filed along with a notice of removal on February 4, 2011. (Docket No. 2.) It appears that the action was originally initiated in state court in Isanti County. The federal removal statute states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the **defendant** or the **defendants**, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441 (emphasis added). The United States Supreme Court has interpreted this statute to allow removal **only** by defendants. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106–107 (1941). Mashak's removal appears to be improper.

Furthermore, to properly initiate an action in federal court, Mashak must personally serve defendants. Fed. R. Civ. P. 4(e). Here, Mashak asserts to have "slid

under the door" the papers requesting a temporary restraining order to an attorney representing defendants. (Certificate of Service, Feb. 7, 2011, Docket No. 9.) Without evidence that defendants have waived service, Fed. R. Civ. P. 4(d), or authorized their attorney to accept service, Fed. R. Civ. P. 4(e)(2)(C), the Court finds "sliding under the door" service inadequate to confer jurisdiction.

While this case could obviously be refiled as an original action if properly served, the Court would need a basis for federal jurisdiction in order to proceed. In addition, the Court is restricted in its ability to prevent a state court from acting in cases where the state court is acting within its jurisdiction.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for a temporary restraining order [Docket No. 2] is **DENIED**.

2. The case is **DISMISSED** without prejudice.

3. The dismissal makes moot plaintiff's motion to proceed in forma pauperis [Docket No. 4].

DATED: February 10, 2011　　　　　　　　　　s/ John R. Tunheim
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　　United States District Judge